UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



FILED
JUN 19 2007
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 06-30112 |
| Plaintiff, | MEMORANDUM OPINION AND |
| -vs- | ORDER DENYING MOTION TO COMPEL PRODUCTION OF THE ALLEGED |
| KIRBY MCGHEE, | CHILD VICTIMS FOR INTERVIEWS BY DEFENSE COUNSEL |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant, Kirby Wes McGhee, has filed a Motion seeking an order compelling the Government to produce the two alleged child victims so that his counsel can interview them prior to the scheduled jury trial, Docket No. 71. He alleges that the children have, to this point, been "coveted away." He claims that interviews are necessary because the children are the only witnesses with first hand knowledge of the sexual abuse allegations charged in the Superseding Indictment and because there is no corroborating physical evidence of sexual abuse.

After the Court afforded both parties an opportunity to provide additional authority in support of or in resistance to the production Motion, the Government filed a response to the Motion, Docket No. 76. Having reviewed and considered the statements and arguments of the parties and the record as a whole, the Court now denies the Motion.

I.

In criminal proceedings, the prosecution and the defense generally have an equal right to interview witnesses before trial. <u>United States v. Bittner</u>, 728 F.2d 1038, 1041 (8th Cir.

1984); see also United States v. Arboleda, 929 F.2d 858, 868 (1st Cir. 1991); United States v. Rodriguez-Berrios, 376 F.Supp.2d 118, 120 (D. P.R. 2005). Witnesses can refuse to be interviewed, United States v. Troutman, 814 F.2d 1428, 1453 (10th Cir. 1987), and a defendant's right of access is not violated when witnesses choose, of their own volition, not to talk, Bittner, 728 F.2d at 1041; Workman v. Bell, 178 F.3d 759, 772 (6th Cir. 1998), cert. denied, 528 U.S. 913 (1999). The prosecution, however, may not interfere with the free choice of witnesses to speak with the defense absent justification "by the clearest and most compelling considerations." Troutman, 814 F.2d at 1453; Kines v. Butterworth, 669 F.2d 6, 9 (1st Cir. 1981), cert. denied, 456 U.S. 980 (1982). Of course, where witnesses are in obvious danger and/or where their safety is in continuing jeopardy, the right of access may be delayed until trial. See United States v. Pepe, 747 F.2d 632, 655 (11th Cir. 1984); United States v. Pelton, 578 F.2d 701, 708 (8th Cir.), cert. denied, 439 U.S. 964 (1978).

In a sexual abuse prosecution where young child witnesses are involved, pretrial interviews or adversarial examinations should be ordered only if the "denial of access would likely result in an absence of 'fundamental fairness essential to the very concept of justice.'" United States v. See Walker, 452 F.3d 723, 725 (8th Cir. 2006); United States v. Rouse, 111 F.3d 561, 566-68 (8th Cir.), cert. denied, 522 U.S. 905 (1997); see also United States v. Sumner, 119 F.3d 658, 663 (8th Cir. 1997). Indeed, with child witnesses, the issue of volitional choice to be interviewed is a complex one because children are not able to make these kinds of difficult decisions for themselves. See Rouse, 111 F.3d at 567. A court, therefore, must be careful to protect the criminal defendant's right to a fair trial and at the same time protect the Government's paramount interest in the welfare of the children. Id.

Given the difficulty of balancing these important needs, if the Government and/or custodian of the children opposes access as not being in the children's best interests, the defendant must show a compelling need for interviews. Id. at 568.

In the instant case, Defendant has failed to show that denying him interviews with the two alleged child victims would be fundamentally unfair. Nor has he made any credible showing that the Government impermissibly interfered with or imposed unjustified limitations on his right of access to the children. His implied suggestion that the Government had a hand in secreting the children away from and denying him access to them is a bald and conclusory assertion that is without any evidentiary foundation in the record. And, the fact that the children's statements have already been provided to Defendant cuts against his proffered need now for pretrial interviews. See See Walker, 452 F.3d at 725; Rouse, 111 F.3d at 567. Regardless, given the evidence that Defendant attempted to contact and influence the children to provide false and misleading testimony and given the gravity of the sexual abuse charges themselves and the nature and circumstances surrounding them, there is ample justification for not allowing the children to be interviewed. See Pelton, 578 F.2d at 708.

II.

There is likewise no basis for deposing the children under Fed. R. Crim. P. 15(a). Under this Rule, depositions may not be taken for discovery purposes, but only to preserve evidence. See United States v. Adcock, 558 F.2d 397, 406 (8th Cir.), cert denied, 434 U.S. 921 (1977); see also United States v. Edwards, 69 F.3d 419, 437 (10th Cir. 1995), cert. denied, 517 U.S. 1243 (1996). The Rule also only permits a court to order depositions when

"due to exceptional circumstances of the case it is in the interests of justice" that a witness' testimony be taken and preserved for trial. In analyzing whether circumstances are sufficiently "exceptional" to warrant the taking of depositions, the court must consider whether: (1) the witnesses are unavailable; (2) injustice will otherwise result without the material testimony that the deposition could provide; and (3) counterveiling factors would make the deposition unjust to the non-moving party. See United States v. Thomas, 62 F.3d 1332, 1340-41 (11th Cir. 1995), cert. denied, 516 U.S. 1166 (1996). "It is hornbook law that the mere need for discovery is not an exceptional circumstance." United States v. Luv N' Care Intern., Inc., 897 F.Supp. 941, 946 (W.D. La. 1995). Additionally, the Rule only allows for the deposition "of a prospective witness of a party." This language makes clear that the moving party may request to depose his own witness but cannot seek discovery from an adverse witness. See Advisory Committee Note to the 1975 amendment of Rule 15(a); see also United States v. Fei Ye, 436 F.3d 1117, 1123 (9th Cir. 2006).

Here, Defendant has not formally moved for the taking of depositions pursuant to Rule 15(a). Yet even if his production Motion can somehow be construed as one for depositions, he nonetheless is not entitled to depose the two alleged child victims because he seeks discovery from adverse witnesses, not to preserve evidence for trial, and because he has not shown that "exceptional circumstances" exist that require, in the interests of justice, the granting of depositions.

III.

Whether premised on the Due Process Clause or Rule 15(a), the Court can find no legal and/or factual basis for ordering interviews or depositions of the two children.

4

Troutman, 814 F.2d at 1453-54. Defendant's due process right of access to the children does not trump their right not to be interviewed, in view of the circumstances present and the lack of any definitive showing of need and/or interference on the part of the prosecution. And, he fares no better, and in fact much worse, when using Rule 15(a) as a gateway to gain access to additional information from the children.

Accordingly, it is hereby

ORDERED that Defendant's Motion, found at Docket No. 71, shall be, and the same is, hereby denied.

Dated this 19th day of June, 2007, at Pierre, South Dakota.

**BY THE COURT:**

_____
**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

**ATTEST:**
**JOSEPH HAAS, CLERK**
**BY:** _____
           **Deputy**
**(SEAL)**

5